**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Green,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV-12-00713-PHX-DGC<br><br>**ORDER** |

On December 17, 2012, the Court issued an order reversing the decision of the Commissioner and remanding this case to the Social Security Administration for an award of benefits. Doc. 18. Plaintiff filed an application for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 20. Defendant opposed the application (Doc. 23) and Plaintiff filed a reply (Doc. 24). No party has requested oral argument. For the reasons that follow, the Court will grant Plaintiff's application for attorneys' fees.

**I.  Legal Standard.**

28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust." In Ninth Circuit, "attorney's fees are to be awarded to a party winning a sentence four remand unless the commissioner shows that his position with respect to the issue on which the district court based its remand was substantially

justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations and quotations omitted).[1] The Supreme Court has clarified the statutory text, holding that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988).

## II. Analysis.

The ALJ rejected the opinion of the treating physician, Dr. Daas, because it was "not consistent with the greater objective medical evidence of record or Dr. Daas' own treatment notes." Tr. at 22. The Court found that although the ALJ surveyed the objective medical evidence, the ALJ did not satisfy the Ninth Circuit's high standard for rejecting the opinion of a treating physician. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ can meet this burden by setting out a detailed and through summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.").

Defendant now argues that the ALJ's decision to discount the opinion of Dr. Daas was substantially justified. Defendant claims that "the ALJ observed that physical examinations showed that Plaintiff walked with a normal gait and station (without an assistive device), sat comfortably, and typically had negative straight leg raise tests." Doc. 23 at 6. In support of that assertion, Defendant cites both page 22 of the transcript, which contains the text of the ALJ's opinion, and many other pages from the medical records in the transcript. The text of the ALJ's actual opinion does not contain the detail that the Commissioner has included in this brief. *Compare* Doc. 23 at 6 with Tr. at 22. When discounting the opinion of Dr. Daas, the ALJ simply stated that his opinion was inconsistent with his treatment notes. The ALJ did not provide specific citations or set

---

[1] District Courts may remand under "sentence four" or "sentence six" of section 405(g). Only sentence four remands – those in which the District Court "makes a determination as to the correctness of the Secretary's position" – qualify plaintiffs as "prevailing parties" for an award of attorneys' fees. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). In this case the Court issued a remand under sentence four. Doc. 22.

out a detailed a thorough summary of the conflicting clinical evidence. Furthermore, even when the ALJ did summarize some objective evidence, the summary was couched in highly specialized medical terms. For instance, the ALJ summarized the objective test results by stating the Claimant showed "mild to moderate dextroscoliosis, degenerative disc at L4-5 with mild disc bulge and posterior midline annular tear, and degenerative disc at L5-S1 level with mild disc bulge and facet hypertrophy with mild foraminal stenosis." Tr. at 21 (citing Tr. at 694-701). The ALJ did not provide any additional interpretation or explanation as to how these technical observations contradict the opinion of the treating physician. Accordingly, the Court finds that there is no reasonable basis in fact or law to conclude that the ALJ complied with the Ninth Circuit law for discounting the opinion of a treating physician.

Additionally, Defendant acknowledges that the ALJ at least partially relied on the testimony of a physician, Dr. Prieve, whose license was suspended in the State of Massachusetts when he examined Plaintiff. The Commissioner initially admitted the ALJ's mistake, but argued that consideration of the opinion was harmless error because the ALJ found it only "partially persuasive." Doc. 14 at 22 (citing Tr. at 22). The Commissioner now contends that the harmless error argument was substantially justified, despite the fact that the Court did not find it persuasive. Doc. 23 at 7.

The Court has already ruled that even partial reliance on the testimony was not harmless. Doc. 18 at 9. It now finds that the Commissioner's decision to adopt the opinion of the ALJ, formed in reliance on testimony explicitly disallowed under 20 C.F.R. §404.1503a, and then argue that such reliance was harmless, is not substantially justified. There is no reasonable basis in law for the ALJ's failure to follow the regulations or for the Commissioner's failure to correct that failure.

**III.  Conclusion.**

Under the EAJA, attorneys' fees are awarded to prevailing parties unless the government's position was substantially justified. While it may be possible that some decision will be unsupported by substantial evidence or based on legal error and yet still

have a reasonable basis in law and fact, this is not that case. Accordingly, the Court finds that the position of the United States was not justified and Plaintiff is entitled to the uncontested amount of attorneys' fees.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 20) is **granted.** Defendant is **ordered** to pay attorney's fees in the amount of $7,644.05.

Dated this 3rd day of May, 2013.

David G. Campbell
United States District Judge